**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4717**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

PHOUNG PHAN,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00360-NCT-1; 1:07-cr-00373-NCT-1)

Submitted:  January 18, 2011          Decided:  May 31, 2011

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phoung Phan appeals his convictions and the 168-month sentence imposed by the district court following his guilty pleas to conspiracy to possess with intent to distribute ecstasy, and conspiracy to distribute 100 or more kilograms of marijuana, all in violation of 21 U.S.C. §§ 841, 846 (2006). Phan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) asserting that, in her opinion, there are no meritorious issues for appeal. Phan was notified of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

Because Phan did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Phan] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court substantially complied with Rule 11, and that Phan's guilty plea was knowing and voluntary.

We review Phan's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step

in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. When reviewing a sentence on appeal, we presume a sentence within the properly-calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Our review of the record leads us to conclude that the district court properly determined the Guidelines range and committed no procedural error. Phan's sentence was at the bottom of the Guidelines range and is thus substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Phan in writing of his right to petition the Supreme Court of the United States for

further review.  If Phan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Phan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4